UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

————————————

№ 15-CV-49 (JFB) (ARL)

————————————

MARTIN BANK,

Plaintiff,

VERSUS

LAPTOP & DESKTOP REPAIR LLC,

Defendant.

————————————

**MEMORANDUM AND ORDER**
August 29, 2016

————————————

JOSEPH F. BIANCO, District Judge:

Plaintiff Martin Bank ("plaintiff") brings this action, claiming fraud, breach of contract, breach of the implied covenant of good faith and fair dealing, and violation of various state consumer-protection laws against defendant Laptop & Desktop Repair LLC ("defendant" or "LDR").

Defendant now moves, pursuant to 28 U.S.C. § 1404(a), to transfer this case to the United States District Court for the District of Nevada, Northern Division. For the reasons set forth below, the Court grants defendant's motion to transfer. In particular, the Court finds that the contract at issue contained a presumptively enforceable forum selection clause wherein the parties agreed to litigate any claims arising out of or relating to the terms and conditions in Reno, Nevada. Moreover, plaintiff does not allege any facts that would make the enforcement of that clause unreasonable or unjust, nor does he allege facts by which this Court could conclude that the clause is invalid. Instead, plaintiff merely argues that defendant may have included the forum selection clause in order to further its fraudulent scheme. Plaintiff fails to allege that defendant fraudulently induced him to enter the forum selection clause specifically. It is well-settled that allegations regarding *fraudulent inducement in the contract as a whole* are insufficient to avoid the enforcement of a forum selection clause in an agreement; rather, there must be *fraud in connection with the inclusion of the forum selection clause itself*, which is not alleged by plaintiff in the instant case. Accordingly, defendant's motion to transfer the case to the United States District Court for the District of Nevada, Northern Division, is granted.

I. BACKGROUND

A. Facts

The following facts are taken from plaintiff's second amended complaint (Second Am. Compl.) and are not findings of fact by the Court, but rather are assumed to be true for purposes of deciding this motion and are construed in a light most favorable to plaintiff, the non-moving party.

Defendant is a limited-liability company with its principal place of business in Nevada, and plaintiff is a resident of the Eastern District of New York. (Second Am. Compl. ¶¶ 17-18.) Plaintiff alleges that defendant operates various websites through which it offers to buy used electronic products. (*Id.* at ¶ 19.) Plaintiff alleges that, according to LDR's Terms and Conditions, a potential seller initially provides information about the product he wishes to sell to LDR and LDR then provides an initial quote. (*Id.* at ¶ 21.) Upon inspecting the product, LDR can either decide to purchase the product for the initially quoted amount or offer to purchase the product for a lower amount; plaintiff will receive an email in either instance. (*Id.*) If LDR offers a lower amount, the potential seller can affirmatively accept or reject the lower amount by email, or neither accept nor reject the lower amount for three days, in which event the lower amount is deemed accepted. (*Id.*)

Plaintiff acknowledges that "[b]y sending a Product to LDR, a Potential Seller agrees to be bound by LDR's Terms and Conditions; and therefore, a contract in the form of LDR's Terms and Conditions, is formed between LDR and the Potential Seller." (*Id.* at ¶ 22.) The Terms and Conditions include a provision stating "that any action at law or in equity arising out of or relating to these Terms and Conditions will be filed only in state or federal court located in Reno, Nevada and you hereby irrevocably and unconditionally consent and submit to the exclusive jurisdiction of such courts over any suit, action, or proceeding arising out of these Terms and Conditions." (*Id.* at ¶ 40; *see also* Ex. C to Brody Aff.)

Plaintiff alleges that, on October 5, 2014, he entered product information with respect to three products on defendant's website, www.cashforiphones.com. (Second Am. Compl. at ¶ 44.) Plaintiff was given a quote for $307 each for two products and $230 for the third product. (*Id.* at ¶ 45.) Plaintiff alleges that he shipped his products to LDR on October 8, 2014, and that, on October 24, 2014, he learned that LDR would be paying him $23, $45, and $47 for his products instead of the amounts initially quoted. (*Id.* at ¶¶ 49, 54.) Plaintiff alleges that he made multiple complaints to LDR and ultimately was told that he would be sent an additional check to equal the total amount defendant initially quoted to him. (*Id.* at ¶ 61.) Plaintiff alleges that, on or about November 5, 2014, he received the original check for $115, and that on or about November 12, 2014, he received the check for the remaining $729. (*Id.* at ¶ 62.)

Plaintiff purports to bring class allegations on behalf of "all Potential Sellers to whom LDR, in carrying out the practices set forth in paragraphs '1' through '63,' refused to pay the amount of the Initial Quote for their Product or refused to return their Product." (*Id.* at ¶ 121.)

B. Procedural History

Plaintiff commenced this action on January 6, 2015. Defendant filed the instant motion on April 11, 2016. Plaintiff filed his opposition to the motion on May 11, 2016, and thereafter filed a second amended complaint on May 26, 2016. Defendant filed its reply on June 6, 2016. The Court heard

2

oral argument on the motion on July 14, 2016. Following oral argument, plaintiff filed a supplemental letter on July 21, 2016, and defendant filed a response to plaintiff's letter on July 28, 2016. The Court has fully considered the submissions of the parties.

II. SECTION 1404(A) MOTIONS

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In general, "[d]istrict courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006); *accord Publicker Indus. Inc. v. United States (In re Cuyahoga Equip. Corp.)*, 980 F.2d 110, 117 (2d Cir. 1992). In determining whether to transfer venue, courts consider (1) whether the action could have been brought in the proposed forum; and (2) whether the transfer would "promote the convenience of parties and witnesses and would be in the interests of justice." *Clarendon Nat'l Ins. Co. v. Pascual*, No. 99-CV-10840 (JGK) (AJP), 2000 WL 270862, at *2 (S.D.N.Y. Mar. 13, 2000) (quoting *Coker v. Bank of Am.*, 984 F. Supp. 757, 764 (S.D.N.Y. 1997) (other citations omitted)). Ordinarily, "[a] motion to transfer under § 1404(a) . . . calls on the district court to weigh in the balance a number of case-specific factors," *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988), including: "'(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties.'" *Fteja v. Facebook, Inc.*, 841 F. Supp. 2d 829, 832 (S.D.N.Y. 2012) (quoting *N.Y. Marine and Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010)).

The Supreme Court has recognized that "[t]he calculus changes, however, when the parties' contract contains a valid forum-selection clause, which 'represents the parties' agreement as to the most proper forum.'" *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 581 (2013) (quoting *Stewart*, 487 U.S. at 31). In *Atlantic Marine Construction Company, Inc.*, the Supreme Court held that:

> [t]he presence of a valid forum-selection clause requires district courts to adjust their usual § 1404(a) analysis in three ways. First, the plaintiff's choice of forum merits no weight. Rather, as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted. . . . Second, a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests . . . [and] may consider arguments about public-interest factors only. . . . Third, when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations.

*Id.* at 581-82. "When the parties have agreed to a valid forum-selection clause . . . [o]nly under extraordinary circumstances unrelated

3

to the convenience of the parties should a § 1404(a) motion be denied." *Id.* at 581.

### III. DISCUSSION

A. Whether the Forum Selection Clause is Valid and Enforceable

A forum-selection clause is "presumptively enforceable" if the moving party can demonstrate that: (1) the clause was reasonably communicated to the party challenging enforcement; (2) the clause is mandatory, rather than permissive, in nature; and (3) the clause encompasses the plaintiff's claims. *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383 (2d Cir. 2007). If these conditions are satisfied, the clause must be enforced unless the party opposing transfer makes a "sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching." *Martinez v. Bloomberg LP*, 740 F.3d 211, 221 (2d Cir. 2014) (quoting *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 15 (1972)).

1. The Clause Was Reasonably Communicated to Plaintiff

Plaintiff does not seem to dispute that the forum selection clause was reasonably communicated to him. Plaintiff concedes in his Second Amended Complaint that "[b]y sending a product to LDR, a Potential Seller Agrees to be bound by LDR's Terms and Conditions; and therefore, a contract, in the form of LDR's Terms and Conditions, is formed between LDR and the Potential Seller." (Second Am. Compl. ¶ 22.) The Terms and Conditions clearly set forth the forum selection clause in bold and capital letters. (*See* Ex. C to Brody Aff.) Thus, because plaintiff agreed to be bound by the Terms and Conditions when he sent his products to defendant and the Terms and Conditions clearly set forth the forum selection clause, the Court finds that the forum selection clause was reasonably communicated to plaintiff. *See, e.g.*, *Effron v. Sun Line Cruises, Inc.*, 67 F.3d 7, 9 (2d Cir. 1995) (finding forum selection clause stated in "clear and unambiguous – albeit in fine print" was reasonably communicated to plaintiff).

2. The Clause is Mandatory and the Claims in This Suit Are Subject to the Clause

The second and third factors in the Second Circuit's framework are also met here. The choice of forum is mandatory in this instance, as specific language regarding venue was included in the clause, which specified that:

> CHECKING THE BOX "I AGREE" FURTHER ACKNOWLEDGES YOUR AGREEMENT THAT ANY ACTION AT LAW OR IN EQUITY ARISING OUT OF OR RELATING TO THESE TERMS AND CONDITIONS WILL BE FILED ONLY IN STATE OR FEDERAL COURT LOCATED IN RENO, NEVADA AND YOU HEREBY IRREVOCABLY AND UNCONDITIONALLY CONSENT AND SUBMIT TO THE EXCLUSIVE JURISDICTION OF SUCH COURTS OVER ANY SUIT, ACTION, OR PROCEEDING ARISING OUT OF THESE TERMS AND CONDITIONS.

(Ex. C to Brody Aff.) *See, e.g.*, *John Boutari & Son, Wines & Spirits, S.A. v. Attiki Importers & Distribs. Inc.*, 22 F.3d 51, 53 (2d Cir. 1994); *see also Salis v. Am. Export Lines*, 331 F. App'x 811, 813 (2d Cir. 2009) (summary order) ("Whether a forum selection clause is mandatory depends on its language, and generally courts will not

enforce a clause that specifies only jurisdiction in a designated court without any language indicating that the specified jurisdiction is exclusive."); *Cent. Nat'l Gottesman, Inc. v. M.V. "Gertrude Oldendorff,"* 204 F. Supp. 2d 675, 678 (S.D.N.Y. 2002) ("For a forum selection clause to be deemed mandatory, jurisdiction and venue must be specified with mandatory or exclusive language." (citation omitted)).

Additionally, the Court finds that the claims in this suit are subject to the clause because the clause governs "any action at law or in equity arising out of or relating to these terms and conditions" (Ex. C to Brody Aff.), without limitation. *See, e.g.*, *Salis*, 331 F. App'x at 814 (finding clause that, by its terms, applied to "'[a]ny claim or dispute arising under or in connection with'" a bill of lading applied to claims at issue).

Plaintiff argues that the forum selection clause does not apply to his claims because there is a distinction between actions "arising out of *or* relating to these terms and conditions" and actions "*arising out of* these terms and conditions." (Pl.'s Opp'n at 12.) Plaintiff argues that, because the second clause does not include the language "*relating to* the terms and conditions," the forum selection clause is ambiguous and, thus, should apply only to actions that can be described as "arising out of these terms and conditions." (*Id.*) Plaintiff claims that his fraudulent inducement and consumer protection law claims do not arise out of the terms and conditions of the contract and,

thus, that the forum selection clause does not apply to them.[1,2]

However, the Court finds that the distinction between the two subparts does not make the forum selection clause ambiguous. The first clause states that "any action at law or in equity arising out of or relating to these terms and conditions will be filed only in state or federal court located in Reno, Nevada." (Ex. C to Brody Aff.) This clause clearly relates to circumstances where a seller, such as plaintiff, files suit against LDR, and plainly covers plaintiff's fraudulent inducement and consumer protection claims because such claims relate to the terms and conditions. Thus, based on the first clause, plaintiff's claims were unambiguously required to be filed in Reno, Nevada.

The second clause provides that "you hereby irrevocably and unconditionally consent and submit to the exclusive jurisdiction of such courts over any suit, action, or proceeding arising out of these terms and conditions." (*Id.*) This clause relates to circumstances where LDR files a lawsuit first and provides that, in such a situation, the seller consents to the jurisdiction to state and federal courts in Reno, Nevada. The Court does not believe that there is any ambiguity based on the fact that there is slightly different wording in each of the two clauses, which relate to different factual scenarios. However, even assuming there was ambiguity in the second clause, such ambiguity is irrelevant because only the first clause, relating to the filing of lawsuits,

---

[1] Plaintiff acknowledges that his breach of contract claims do arise out of the terms and conditions of the contract; however, he argues that it would not be in the interest of judicial economy to split his claims so as to apply the forum selection clause to his breach of contract claim. (Pl.'s Opp'n at 14.)

[2] Plaintiff "does not dispute that the LDR's choice-of-law provision . . . is 'otherwise valid.'" (*Id.* at 12 (citations omitted).)

5

applies to this case and as previously discussed, this clause is quite clear.

Thus, because the clause was reasonably communicated to plaintiff, is mandatory, and encompasses the claims at issue, it is presumptively enforceable.

### 3. Plaintiff Has Not Rebutted the Presumption of Enforceability

As discussed *supra*, once a forum-selection clause has been shown to be presumptively enforceable, the party seeking to invalidate that clause must "'mak[e] a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching.'" *Martinez*, 740 F.3d at 217 (quoting *M/S Bremen*, 407 U.S. at 15). A clause is unreasonable: (1) if its incorporation into the agreement was the result of fraud or overreaching; (2) if the complaining party will be deprived of his day in court due to the grave inconvenience or unfairness of the selected forum; (3) if the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) if the clauses contravene a strong public policy of the forum state. *Roby v. Corp. of Lloyd's*, 996 F.2d 1353, 1363 (2d Cir. 1993) (citing *M/S Bremen*, 407 U.S. at 10, 15, 18, and *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991)); *S.K.I. Beer Corp. v. Baltika Brewery*, 443 F. Supp. 2d 313, 316 (E.D.N.Y. 2006) (same) (citations omitted). No credible argument has been made that plaintiff will be deprived of his day in court due to the inconvenience of litigating this dispute in Nevada, nor that Nevada law is fundamentally unfair or would deprive him of a remedy. Similarly, there is no basis to conclude that enforcement of the clause would be against public policy under New York law.

Although plaintiff claims that the clause is invalid because it was a part of defendant's fraudulent scheme, such an allegation is insufficient. In *Scherk v. Alberto Culver Co.*, 417 U.S. 506 (1974), the Supreme Court made clear that *M/S Bremen*'s exception for fraud or overreaching

> does not mean that any time a dispute arising out of a transaction is based upon an allegation of fraud . . . the clause is unenforceable. Rather, it means that an arbitration or forum-selection clause in a contract is not enforceable if the inclusion of that clause in the contract was the product of fraud or coercion.

*Id.* at 519 n.14. Pursuant to *Scherk*, courts have routinely held that a plaintiff's allegations related to fraudulent inducement of the contract as a whole are insufficient to invalidate a forum selection clause; instead, a plaintiff must allege fraudulent inducement with respect to the clause itself. *See, e.g.*, *BMR & Associates, LLP v. SFW Capital Partners, LLC*, 92 F. Supp. 3d 128, 137 (S.D.N.Y. 2015) ("Fraud in the inducement of the Agreement, as distinct from fraud in the inducement of the forum selection clause specifically, is insufficient to defeat the forum selection clause." (internal quotation marks and citation omitted); *Mercury W. A.G., Inc. v. R.J. Reynolds Tobacco Co.*, No. 03-CV-5262 (JFK), 2004 WL 421793, at *4 (S.D.N.Y. Mar. 5, 2004) ("[I]n order to invalidate the forum selection clause, the clause itself would have to have been the product of fraud."); *Gen. Elec. Capital Corp. v. Mehta*, No. 01-CV-11259 (SAS), 2002 WL 511553, at *2 n.6 (S.D.N.Y. Apr. 4, 2002) ("A party challenging a forum selection clause on the basis of fraudulent inducement must allege facts with respect to the specific

clause, not the contract as a whole."); *see also J.B. Harris, Inc. v. Razei Bar Indus., Ltd.*, 181 F.3d 82 (2d Cir. 1999) ("[A] fraudulent inducement claim is no defense to a motion to dismiss based on a forum selection clause unless the fraud procured agreement to the clause specifically, rather than to the contract as a whole.").

Here, plaintiff has not alleged fraudulent inducement with respect to the forum selection clause itself. Instead, he has argued that the forum selection clause is invalid because it was part of a larger fraudulent scheme. In particular, even after he was granted leave to file a Second Amended Complaint and following oral argument, was permitted to file a supplemental letter regarding the issue, plaintiff merely pointed to his allegation that "LDR knowingly, and with the intent to defraud Potential Sellers, fraudulently induces Potential Sellers to agree to the Forum-Selection Clause in order to help ensure the success of LDR's scheme by making it unduly burdensome for LDR's victims to seek legal redress" (Second Am. Compl. ¶ 41), and argued that it was "not unreasonable to infer that LDR may have included the Forum-Selection Clause in order to further LDR's fraudulent scheme." (Pl.'s July 21, 2016 Ltr., ECF No. 41 (internal alterations and quotation marks omitted).) However, such general and conclusory allegations that the clause was a part of a larger fraudulent scheme are insufficient. *See, e.g.*, *Amto, LLC v. Bedford Asset Mgmt., LLC*, -- F. Supp. 3d. --, No. 14-CV-9913 (KMK), 2016 WL 1030141, at *10 (S.D.N.Y. Mar. 10, 2016) (enforcing forum selection clause because "Bedford cannot overcome the presumptive enforceability of the forum selection clause by reference to AMTO and Energokom's allegedly collusive transfer of the Bedford Loans. . . . While a court will not enforce a forum selection clause when it is the result of fraud or overreaching, . . . the fraud must be related to the clause itself, not the contractual relationship between the parties more generally." (internal quotation marks, alteration, and citations omitted)); *Dollar Phone Access, Inc. v. AT & T Inc.*, No. 14-CV-3240 (SLT) (LB), 2015 WL 430286, at *8 (E.D.N.Y. Feb. 2, 2015) (enforcing forum selection clause requiring action to be brought in Texas where plaintiff alleged fraud generally in the relationship between the parties, which did "not meet plaintiff's burden of demonstrating the inclusion of the forum selection clause was the product of fraud"); *Person v. Google*, 456 F. Supp. 2d 488, 494 (S.D.N.Y. 2006) (enforcing forum selection clause requiring action be brought in California and holding that "the fraudulent actions capable of overcoming the presumption of validity for a forum selection clause must be directly related to that clause, not the contract more generally").

Thus, because plaintiff has not alleged that the forum selection clause itself was specifically procured by fraud, or any other reason why enforcement of the clause would be unreasonable, the Court finds that the clause is valid and enforceable.

B. Public Considerations Do Not Outweigh Enforceability of the Forum Selection Clause

As discussed *supra*, because there is a valid forum selection clause, the Court does not consider arguments about the parties' private interests, but rather only considers arguments about public-interest factors. *Atl. Marine Const. Co*, 134 S. Ct. at 582; *see also Bent v. Zounds Hearing Franchising, LLC*, No. 15-CV-6555 (PAE), 2015 WL 7721838, at *7 (S.D.N.Y. Nov. 30, 2015) ("Once the Court finds a forum-selection clause valid, presumptively enforceable, and not unreasonable or unjust, the only remaining inquiry is whether there are public interest considerations . . . that weigh against its

enforcement." (internal quotation marks and citation omitted)).

Plaintiff has only set forth the private interest factors that he believes weigh against transfer. (*See* Pl.'s Opp'n at 15-18.) However, the Court has also considered the public interest factors and finds that there are no public interest considerations that would warrant non-enforcement of the forum selection clause. Further, the Court notes that New York "has a strong public policy of *enforcing* forum selection clauses so that parties are able to rely on the terms of the contracts they make." *Brodsky v. Match.com LLC*, No. 09-CV-5328 (NRB), 2009 WL 3490277, at *4 (S.D.N.Y. Oct. 28, 2009) (citing *Micro Balanced Prods. Corp. v. Hlavin Indus. Ltd.*, 667 N.Y.S.2d 1 (N.Y. App. Div. 1997)); *see also Bent*, 2015 WL 7721838, at *7. Thus, the Court concludes that public considerations do not outweigh the enforceability of the forum selection clause and, therefore, that the forum selection clause is enforceable.

### IV. CONCLUSION

For the foregoing reasons, the Court finds that the forum selection clause in the Terms and Conditions is valid and enforceable. The Court, therefore, grants defendant's motion to transfer the proceedings. The Clerk of the Court is directed to transfer the case to the United States District Court for the District of Nevada, Northern Division under 28 U.S.C. § 1404(a).

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: August 29, 2016
       Central Islip, NY

\*  \*  \*

Plaintiff is represented by Todd C. Bank of Law Office of Todd C. Bank, 119-40 Union Turnpike, Fourth Floor, Kew Gardens, NY 11415. Defendant is represented by Scott A. Brody of Brody O'Connor & O'Connor, 111 John Street, Suite 900, New York, NY 10038.